1 | Darren G. Smith, Esq., SBN 168111
John L. Palmer, Esq., SBN 206981
2 | **Darren Gordon Smith, PLC**
5001 Birch Street
3 | Newport Beach, California 92660
Telephone:  (949) 760-6036; Facsimile: (949) 719-7728
4 |
Counsel for Creditor/Plaintiff, Mahmood K. Rafsanjani
5 |
Thomas J. Polis, Esq, SBN 119326
6 | **POLIS & ASSOCIATES, APLC**
19800 MacArthur Boulevard, Suite 1000
7 | Irvine, California  92612-2433
Telephone: (949) 862-0040; Facsimile: (949) 862-0041
8 | E-Mail: tom@polis-law.com
9 | Counsel for Debtor/Defendant, Reza Kuchecki

**FILED & ENTERED**

**DEC 15 2009**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ngo         DEPUTY CLERK

10 | **UNITED STATES BANKRUPTCY COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| **In re** | **Case No.    8:08-bk-13809-TA** |
| **Reza Kuchecki,** | **Chapter 7** |
| **Debtor.** | **Adv. Proc.   8:08-ap-01389-TA** |
| **Mahmood K. Rafsanjani,** | **JOINT PRETRIAL ORDER** |
| **Plaintiff,** | **Pre-Trial Conference:** |
| | Date: December 10, 2009 |
| **v.** | Time: 10:00 a.m. |
| | Ctrm: 5B |
| **Reza Kuchecki,** | |
| **Defendant.** | **Trial:** |
| | Date:  April 12 and April 13, 2010 |
| | Time: 10:00 a.m. |
| | Ctrm: 5B |
| | **Judge:  Honorable Theodor C. Albert** |

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd.Ste1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile:  (949) 862-0041

1

**I.**

## THE FOLLOWING FACTS ARE ADMITTED AND REQUIRE NO PROOF

1.     This adversary proceeding is one arising in the above-captioned Chapter 7 bankruptcy case entitled *In re Reza Kuckecki,* case number 8:08-bk-13809-TA.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 157 and 1334, 11 U.S.C. Sections 323 and 544, and Rule 7001 of the Federal Rules of Bankruptcy Procedure ("FRBP").   This is a core proceeding under 28 U.S.C. Section 157(b)(2)(J). Pursuant to FRBP 4004(a), the last day to file a complaint objecting to discharge was October 10, 2008.

2.     Venue is proper in this Court pursuant to 28 U.S.C. Section 1409.

3.     Plaintiff, Mahmood K. Rafsanjani (hereinafter "Plaintiff") is a judgment creditor of defendant, Reza Kuchecki (hereinafter "Defendant).

4.     Defendant is also the debtor in the above-captioned case, having filed for Chapter 7 bankruptcy on July 2, 2008.

5.     The matter then came on for bench trial on April 7, 2008 in Dept. C-27 of the Orange County Superior Court, Central District.  Both sides were represented by counsel and presented evidence.  On June 19, 2008, Judge Peter J. Polos awarded judgment in favor of Plaintiff and against Defendant in the amount of $62,000.00 principal plus interest in the amount of $38,420.00, for a total of $100,420.00, with interest thereafter accruing at the legal rate of 10% per annum.  The judgment was only for breach of contract and money loaned, no other claims for relief.

6.     Within two weeks of said judgment, on July 2, 2008, Defendant filed the above-captioned bankruptcy.  Defendant warranted in his *Declaration Concerning Debtor's Schedules* under penalty of perjury that the information contained in said Schedules was true and correct.

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd Ste1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041

7.      Prior to the Debtor-Defendant retaining the legal assistance of Polis & Associates in conjunction with his Chapter 7 bankruptcy filing, the Debtor-Defendant relied in good faith on the paralegal efforts of Sohrab Rowshan, R & R Accounting, located at 3822 Campus Drive, Suite 105, Newport Beach, California  92660 to guide him through the bankruptcy process.

8.      The Debtor-Defendant provided the Chapter 7 Trustee any and all documents and explanations to any and all questions he had during the Debtor's Section 341(a) hearing. The documents provided by the Debtor-Defendant included his personal federal income tax and the corporate income tax returns for his closely held corporation, Capo Incorporated, an auto repair business in San Juan Capistrano, California.

9.      On August 20, 2008, the Chapter 7 Trustee, Thomas J. Casey filed his *No Asset Report* for the Debtor's Chapter 7 bankruptcy estate.

10.      In late November 2008, Debtor-Defendant Reza Kuchecki retained the legal services of Polis & Associates, a Professional Law Corporation to assist him with rectifying his bankruptcy schedules.

11.      On December 4, 2008, the Debtor-Defendant filed *Amended Bankruptcy Schedules, Amended Statement of Financial Affairs*, and related documents with this Court.

12.      On December 11, 2008, the Debtor-Defendant, through his newly retained counsel, Thomas J. Polis, filed his *Substitution of Attorney* with the United States Bankruptcy Court.

13.      Again on December 18, 2008, the Debtor-Defendant filed *Amended Schedules* for the above-captioned bankruptcy case.

14.      Yet again on April 9, 2009, the Debtor-Defendant filed another set of *Amended Schedules* for the above-captioned bankruptcy case.

///

///

///

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd Ste1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041

3

## II.

### THE FOLLOWING ISSUES OF FACT, AND NO OTHERS, REMAIN TO BE LITIGATED

1.     In or around August 1999, Plaintiff alleges that Defendant borrowed money from Plaintiff in order for the two of them to co-own a Shell gas station. Defendant executed a promissory note in favor of Plaintiff in the amount of $80,000. Defendant subsequently paid $18,000 to Plaintiff, leaving a balance due in the amount of $62,000.

2.     At said time Defendant asked Plaintiff for his personal information, including Plaintiff's social security number and date of birth. Defendant urged Plaintiff to lend him the money, knowing that Plaintiff's son was seriously ill and facing brain surgery and Defendant told Plaintiff that the gas station would be a source of revenue for both of them for years to come. Pursuant to their agreement, Defendant was to make Plaintiff a co-owner in the corporation that purchased the service station.

3.     Thereafter, Plaintiff alleges that Defendant did indeed purchase said entity and operated the same. When Defendant was in desperate need of money to purchase more gasoline and keep the business afloat, he turned to Plaintiff, who, despite suffering financial hardship as a result of his child's illness, was able to loan more money to Defendant.

4.     Subsequently, Plaintiff learned that Defendant did not make Plaintiff a co-owner in said entity. Moreover, Plaintiff learned that Defendant sold same without providing any proceeds to Plaintiff.

5.     Plaintiff alleges Defendant was falsely using Plaintiff's name and social security number in order to open up bank accounts and to incur credit. Plaintiff then demanded that Defendant immediately cease falsely using Plaintiff's identity and that Defendant pay back all sums owed to Plaintiff. Defendant promised to do so and also agreed to pay Plaintiff, this time from the sale of his residence.

6.     Defendant-Debtor, Reza Kuchecki denies the allegations in the prior paragraph.

///

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd Ste 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041

4

7.      When Defendant again did not pay, Plaintiff had Defendant sign a new promissory note, wherein it was agreed that the remaining balance of $62,000.00 was to be paid back with interest.

8.      On or around December 7, 2006, Plaintiff filed a police report with the San Jose Police Department (Plaintiff resides in San Jose), alleging credit and identify fraud against Defendant.

9.      Thereafter, Plaintiff initiated a civil lawsuit against Defendant.  Defendant failed to answer same and a default judgment was entered against him.  Later, however, Defendant successfully moved to set aside the default.

10.      Defendant admitted in his 341(a) hearing testimony that he falsely spelled his last name in all documents of the within bankruptcy "Kuchecki," when his legal name is in fact spelled "Kuckeki."

11.      In his bankruptcy petition and supporting papers (hereinafter "*Petition*") Defendant failed to list all names that he has used in the past six years.

12.      Defendant falsely certified under penalty of perjury in Exhibit "D" of his *Petition* that "I requested credit counseling services from an approved agency but was unable to obtain services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now."   (Debtor did not provide any exigent circumstances, though he did provide a timely completed pre-petition Credit Counseling Statement).

13.      Defendant allegedly falsely represented in his 341(a) hearing that he had listed all his creditors in his bankruptcy, when in fact no creditors are listed therein.

14.      Defendant allegedly falsely alleged in his *Summary of Schedules* that he had co debtors, but failed to list same in Schedule H.

15.      Defendant alleged in his Schedule B #4 (Household Goods) that he has rental property but failed to specify its location.

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd Ste 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041

16.     Plaintiff alleges that Defendant undervalued his corporation Capo, Inc. in Defendant's Schedule B #13 (where the value is listed at $300).

17.     Plaintiff alleges that Defendant failed to list his accounts receivable in his Schedule B #16.

18.     Plaintiff alleges that Defendant failed to list his licenses in Schedule B #23.

19.     Plaintiff alleges that Defendant undervalued all clothes he owns in Schedule B #6.

20.     Plaintiff alleges that Defendant failed to list any jewelry (including watches) he owns in Schedule B #7.

21.     Plaintiff alleges that Defendant failed to list any firearms, sports, or hobby equipment he owns in Schedule B #8.

22.     Plaintiff alleges that Defendant failed to describe the vehicle he claims to own in Schedule B #25.

23.     Plaintiff alleges that Defendant failed to list, in Schedule G (Executory Contracts), the lease where Defendant's mechanics shop is located (while at the same time, he indicated in his *Statement of Intention* that he would be reaffirming said lease).

24.     In Schedule I (Income), Defendant claimed to be single and have no dependents, but in his 341(a) hearing testimony, he admitted to being married and having children.

25.     In Schedule I (Income), Defendant further failed to describe where he works, the address of his employer, and how long he has been employed.

26.     In Schedule I (Income), Defendant failed to attach a detailed statement of regular income, as required in item #7.

27.     In Schedule J (Expenses), Defendant failed to list any food expenses in his response to #4.

28.     In Schedule J (Expenses), Defendant failed to list any medical or dental expenses in his response to #7.

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd Ste 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041

6

29.    In Schedule J (Expenses), Defendant failed to list regular expenses of operation of his business as required in question #16, and further failed to attach a sheet of detailed expenses therein (although his monthly income, perhaps coincidentally, exactly matches his alleged expenses).

30.    In Schedule J (Expenses), Defendant represented in his response to question #5 that his monthly clothing expense is $500.

31.    In his *Statement of Financial Affairs* at question #1, Defendant failed to list any income for the years 2006 and 2007.

32.    In his *Statement of Financial Affairs* at question #4, Defendant failed to list any lawsuits that he was a party to, despite the fact that Defendant admitted in his 341(a) testimony that he had been sued by Plaintiff and that the subsequent judgment was the sole reason why Defendant filed for bankruptcy.

33.    In his *Statement of Financial Affairs* at question #16, Defendant failed to provide true and complete information about the alleged closure of his Bank of America account.

34.    In his *Statement of Financial Affairs* at question #18, Defendant allegedly failed to provide the taxpayer identification number for his corporation.

35.    In his 341(a) hearing testimony, Defendant falsely claimed to have started his corporation in or around 2000 or 2001, when in fact Capo, Inc. was incorporated in the State of California on or around July 29, 2005.

36.    In his *Individual Debtor's Statement of Intention*, Defendant warranted that he "filed a schedule of assets and liabilities which includes debts secured by property of the estate" when in fact he failed to schedule any liabilities whatsoever.

37.    In his *Individual Debtor's Statement of Intention*, Defendant allegedly falsely signed and further warranted that he was a non-attorney Bankruptcy Petition Preparer.

///

///

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd Ste1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041

7

38.     In his *Statement of Current Monthly Income* and *Means Test Calculation* (Form B22A), Defendant failed to list any gross receipts or ordinary and necessary operating expenses as required in question #4.

39.     Despite Defendant's declaration as to the accuracy of his Master Mailing List, numerous typographical and other errors exist, such as "Commuity Orthopedic" [sic], "The Lakers, NV" [sic], and "Siouxfales, SD" [sic].

40.     The false statements that Defendant made in his Petition and supporting documents prevented Plaintiff and other parties in interest from obtaining an accurate picture of Defendant's financial affairs or business dealings.

41.     Plaintiff alleges that Defendant made the false statements in his Petition and supporting documents knowingly and with fraudulent intent.

42.     Plaintiff alleges that, even though Defendant amended the petition schedules after Plaintiff filed this adversary proceeding, the amended schedules are still not correct in certain material respects.   For example, on information and belief, Plaintiff alleges that Defendant holds an interest in real property but failed to list any real property in his schedules. Also, on information and belief, Plaintiff alleges that there are additional fictitious business names that Defendant failed to disclose on his schedules.

43.     Plaintiff avers that a basis in law exists to deny the discharge of Defendant pursuant to 11 U.S.C. Section 727(a)(4)(A).

44.     Defendant failed to provide any business records, including detailed income and expense sheets required by Schedules I and J, respectively, and failed to identify any bookkeepers, accountants, or holders of financial records in his *Statement of Financial Affairs* (despite the fact that Defendant brought his alleged accountant to the 341(a) hearing).

45.     As a result of Defendant's failure to provide any business records, among other things, Plaintiff is unable to confirm the extent of the estate's interest in certain assets, their location, or the value thereof.

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd Ste1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile:  (949) 862-0041

8

46.     Defendant has not provided an explanation for his failure to maintain adequate records.

47.     Plaintiff avers that a basis in law exists to deny the discharge of Defendant pursuant to 11 U.S.C. Section 727(a)(3).

48.     Plaintiff alleges that, prior to the Petition Date, and at all relevant times thereafter, there was a loss or deficiency of assets to meet Defendant's liabilities.

49.     Plaintiff alleges that Defendant has not given a satisfactory explanation for such loss.

50.     Plaintiff avers that a basis in law exists to deny the discharge of Defendant pursuant to 11 U.S.C. Section 727(a)(5).

51.     A 341(a) hearing was held on August 11, 2008 at 1:00 p.m. in the within bankruptcy.  At said hearing, Defendant represented under penalty of perjury that everything contained in his bankruptcy paperwork was true and correct, that he had listed all his assets and debts, and that there were no errors or omissions in said documents.

52.     Disputed Facts to be Litigated Nos. 1-8, are of no relevance to a Section 727 Complaint, thus those are not disputed facts and do not need to be included in the *Joint Pre-Trial Order*.

53.     Did the Debtor-Defendant rely in good faith on the advice of his paralegal bookkeeper before he filed his Chapter 7 bankruptcy case on July 2, 2008.

54.     Did the Debtor-Defendant's filing of his amended bankruptcy documents correcting any deficiencies to his bankruptcy schedules show that he did not intend to violate any provisions of Section 727 of the Bankruptcy Code.

55.     Since the retention of Polis & Associates, Debtor-Defendant Reza Kuchecki has complied with all aspects of his duties as a debtor under the Bankruptcy Code Section 727 of the Bankruptcy Code.

///

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd Ste 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041

## III.

### THE FOLLOWING ISSUES OF LAW, AND NO OTHERS, REMAIN TO BE LITIGATED

1.    Whether a basis in law exists to deny Defendant the discharge pursuant to 11 U.S.C. Section 727(a)(4)(A) as a result of false statements that Defendant made under oath in his 341(a) testimony and false statements that Defendant made under penalty of perjury in his Petition and supporting papers.

2.    Whether a basis in law exists to deny Defendant the discharge pursuant to 11 U.S.C. Section 727(a)(3) as a result of Defendant's failure to provide, keep, or preserve any business records from which Plaintiff and the court could ascertain Defendant's financial condition or business transactions.

3.    Whether a basis in law exists to deny Defendant the discharge pursuant to 11 U.S.C. Section 727(a)(5) as a result of Defendant's failure to explain satisfactorily any loss of assets or deficiency of assets to meet Defendant's liabilities.

4.    Did the Debtor-Defendant in good faith amend his *Bankruptcy Schedules* after retaining experienced bankruptcy counsel, and thus nullify any claims for relief under Section 727 of the Bankruptcy Code.

5.    Did the Debtor-Debtor in good faith file his bankruptcy schedules in July 2008 based on information the Debtor-Defendant reasonably relied on by his retained paralegal bookkeeper.

6.    Did the Debtor-Defendant believe in good faith that he was complying with all aspects of the Bankruptcy Code when he filed his Bankruptcy Schedules in July 2008.

7.    Did the Debtor-Defendant rectify any wrongdoing related to his bankruptcy filing when he retained experienced bankruptcy counsel in November 2008 and thereafter filed Amended Schedules in December 2008 and April 2009.

///

///

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd Ste 1000
Irvine, California 92612-2433
Telephone:  (949) 862-0040
Facsimile:  (949) 862-0041

10

## IV.

### ATTACHED IS A LIST OF EXHIBITS INTENDED TO BE OFFERED AT THE TRIAL BY EACH PARTY, OTHER THAN EXHIBITS TO BE USED FOR IMPEACHMENT ONLY

## V.

### THE PARTIES HAVE EXCHANGED A LIST OF WITNESSES TO BE CALLED AT TRIAL AND HAVE ATTACHED THE WITNESS LIST

## VI.

### OTHER MATTERS THAT MIGHT AFFECT THE TRIAL SUCH AS ANTICIPATED MOTIONS IN LIMINE, MOTIONS TO WITHDRAW REFERENCE DUE TO TIMELY JURY TRIAL DEMAND PURSUANT TO LBR 9015-2, OR OTHER PRETRIAL MOTIONS

The parties do not anticipate any pretrial motions.

## VII.

### ALL DISCOVERY IS COMPLETE

## VIII.

### THE PARTIES ARE READY FOR TRIAL

## IX.

### THE ESTIMATED LENGTH OF TRIAL IS TWO DAYS

## X.

### THE FOREGOING ADMISSIONS HAVE BEEN MADE BY THE PARTIES, AND THE PARTIES HAVE SPECIFIED THE FOREGOING ISSUES OF FACT AND LAW REMAINING TO BE LITIGATED. THEREFORE, THIS ORDER SUPERSEDES THE PLEADINGS AND GOVERNS THE COURSE OF TRIAL OF THIS CAUSE, UNLESS MODIFIED TO PREVENT MANIFEST INJUSTICE.

DATED: December 15, 2009

United States Bankruptcy Judge

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd.Ste1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile:  (949) 862-0041

1

<u>**LIST OF PLAINTIFF'S EXHIBITS**</u>

2

3    1.    A copy of the Promissory Note, in the amount of $80,000, that Mohammad R. Kuchaki executed in favor of Mahmood Rafsangani (sic) on or about May 30, 2000.

4

There is no objection to its admissibility in evidence.

5

6    2.    Copies of three checks, payable to Reza Kuchaki, drawn on Cal Fed totaling $79,000, with the remitter being Mahmood Reza Kuchaki Rafsanjani.

7

There is no objection to its admissibility in evidence.

8

9    3.    A copy of the judgment, in the amount of $100,420, that Mahmood Rafsanjani obtained against Reza Kucheki.

10

There is no objection to its admissibility in evidence.

11    4.    A copy of Reza Kucheki's Social Security card.

12

There is no objection to its admissibility in evidence.

13

14    5.    A page from Mahmood Rafsanjani's credit report showing, inter alia, Reza Kucheki associated with Mahmood Rafsanjani.

15

There is no objection to its admissibility in evidence.

16    6.    A From 941, Employer's Quarterly Federal Tax Return for Torrance Shell, in the name of Mahmood Reza Kuchaki Rafsanjani.

17

18    There is no objection to its admissibility in evidence.

19    7.    A copy of a Google search showing Reza Kucheki was training to be a pilot.

20    Debtor-Defendant objects to its admissibility in evidence.

21    8.    A copy of the transcript of Reza Kucheki's 341a hearing.

22    Debtor-Defendant reserves his right to object to its admissibility in evidence.

23    9.    A Grant Deed from Ray and Naderah Kucheki to Satpaul and Sheila Bedi recorded on September 19, 2000.

24

25    There is no objection to its admissibility in evidence.

26    10.    A Seller's Permit in the name of Capo Valley Auto Service and Reza Kucheki.

27    Debtor-Defendant reserves his right to object to its admissibility in evidence.

28    ///

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd Ste 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041

12

11.    Reza Kucheki's California Driver's License.

There is no objection to its admissibility in evidence.

12.    An invoice to Reza Kucheki, in the amount of $8,099.90, from Madison Harbor, ALC, dated January 8, 2009.

There is no objection to its admissibility in evidence.

13.    The 2008 federal income tax return for Capo, Incorporated, including an attached income statement for the twelve months ending December 31, 2008 and a balance sheet as of December 31, 2008.

There is no objection to its admissibility in evidence.

14.    Bank statements for Capo, Inc. from April 24, 2008 through June 23, 2009.

There is no objection to its admissibility in evidence.

15.    A copy of Reza and Ella Kucheki's Marriage Certificate.

There is no objection to its admissibility in evidence.

16.    Investigation report from John Yeaw & Associates, Inc.

Debtor-Defendant reserves his right to object to its admissibility in evidence.

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd Ste 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile:  (949) 862-0041

13

### LIST OF PLAINTIFF'S WITNESSES

1.    Mahmood Rafsanjani
      1456 Menorca
      San Jose, CA 95120

2.    Possible expert witness to testify as to the value of the business, Capo, Inc.

3.    John Yeaw, from John Yeaw & Associates, Inc.
      30100 Town Center Drive, No. 0-302
      Laguna Niguel, CA  92677-2067

      Mr. Yeaw will testify about the results of an asset investigation that he conducted on Defendant, Reza Kucheck.

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd Ste1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile:  (949) 862-0041

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DEFENDANT'S EXHIBIT LIST

1.    Defendant-Debtor's Amended Schedules, Statement of Financial Affairs, filed with the Court on December 4, 2008.

2.    Defendant-Debtor's Substitution of Attorney substituting Polis & Associates, a Professional Law Corporation on or about December 11, 2008.

3.    Defendant-Debtor's Second Amended Schedules, Statement of Affairs, filed with this Court on December 18, 2008.

4.    Defendant-Debtor's Initial Bankruptcy Schedules filed with this Court on or about July 2, 2008.

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd.Ste.1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile:  (949) 862-0041

15

1

## LIST OF DEFENDANT'S WITNESSES

2

3

1. Defendant-Debtor, Reza Kuchecki, 48 Stoney Pointe, Laguna Niguel, CA 92677

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd.Ste.1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile:  (949) 862-0041

| In re: Reza Kuchecki | CHAPTER 7 |
|---|---|
| Defendant(s). | CASE NO. 8:08-bk-13809-TA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is

**Polis & Associates**
**A Professional Law Corporation**
**19800 MacArthur Boulevard, Suite 1000**
**Irvine, California 92612-2433**

The foregoing document described as: **JOINT PRE-TRIAL ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.   On **November 30, 2009,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐   Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **November 30, 2009**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**SERVED VIA U.S. FIRST CLASS MAIL**
- Darren G. Smith, 5001 Birch Street Newport Beach, California 92660
- Office of the United States Trustee, Santa Ana, 411 West Fourth Street, Suite 9041, Santa Ana, California 92701

**SERVED VIA GOLDEN STATE OVERNIGHT**
- Honorable Theodor C. Albert, United States Bankruptcy Court, Central District of California, Santa Ana Division, 411 West Fourth Street, Suite 5085, Santa Ana, California 92701

☐   Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 30, 2009 | Cristina L. Allen | /s/ Cristina L. Allen |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                              **F 9013-3.1**

| In re:  Reza Kuchecki | CHAPTER  7 |
|---|---|
| Defendant(s). | CASE NO.  88:08-bk-13809-TA |

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)  Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney)
who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **JOINT PRE-TRIAL ORDER** was entered on the
date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated
below:

**I.  <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** - Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the
court via NEF and hyperlink to the judgment or order. As of **November 30, 2009**, the following person(s) are
currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF
transmission at the email address(es) indicated below.

- Thomas J. Polis, Polis & Associates, APC- tom@polis-law.com

☐   Service information continued on attached page

**II.  <u>SERVED BY THE COURT VIA U.S. MAIL:</u>**  A copy of this notice and a true copy of this judgment or order
was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the
address(es) indicated below:

- Darren G. Smith, 5001 Birch Street Newport Beach, California 92660

☐   Service information continued on attached page

**III.  <u>TO BE SERVED BY THE LODGING PARTY</u>:**  Within 72 hours after receipt of a copy of this judgment or
order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy
bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of
service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile
transmission number(s), and/or email address(es) indicated below:

☐   Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.