Thomas J. Polis - SBN 119326
**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
E-Mail: tom@polis-law.com

Counsel for Debtor/Defendant,
Reza Kuchecki a/k/a Reza Kucheki

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:08-bk-13809-TA |
| REZA KUCHECKI, | Chapter 7 |
| Debtor. | Adv. Proc. 8:08-ap-01389-TA |
| MAHMOOD K. RAFSANJANI, | TRIAL DECLARATION OF DEBTOR/DEFENDANT REZA KUCHEKI |
| Plaintiff, | TRIAL: |
| | Date: April 12, 2010 |
| v. | Time: 10:00 a.m. |
| | Ctrm: 5B, Fifth Floor |
| REZA KUCHECKI, | Reagan Federal Building & Courthouse |
| | 411 W. Fourth St. |
| Defendant. | Santa, Ana CA 92701 |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE; THE PLAINTIFF AND HIS COUNSEL OF RECORD; AND OTHER PARTIES ENTITLED TO NOTICE:**

Debtor/Defendant Reza Kucheki ("Debtor" or "Defendant"), submits the following *Trial Declaration*. Debtor/Defendant reserves all rights to re-direct the witness and/or submit corroborating evidence.

I, Reza Kucheki, declare as follows:

1. I am the Defendant in the above-captioned Adversary Proceeding; *Rafsanjani v. Kucheki*, Adv. Proc 8:08-ap-01389-TA (and Debtor in the underlying Chapter 7 bankruptcy case, *In re Reza Kucheki*, Case No. 8:08-bk-13809-TA, presently pending in the United States

Bankruptcy Court for the Central District of California, Santa Ana Division, Judge Theodore Albert, presiding. I make this *Trial Declaration* consistent with the Court's Trial Procedures and in support of my defense and claims in the above-captioned Adversary Proceeding. If compelled to do so, I would be able to competently testify to all of the factual statements under the penalty of perjury of the laws of the United States of America. I will be present in Court for the Trial starting on April 12, 2010 at 10:00 a.m. for purposes of cross-examination and re-direct examination.

2.	Not knowing the details of the bankruptcy process, and believing I could complete the process without hiring a lawyer, I initially retained the paralegal-bookkeeping efforts of Sohrab Rowsham of R&R Accounting, with its principal place of business located at 3822 Campus Drive, Suite 105, Newport Beach, California 92660. I believed in good faith that Mr. Sohrab Rowsham's assistance would allow me to complete the bankruptcy process without any problems. In hindsight that was an error, albeit a good faith error, but an error nonetheless.

3.	I provided Mr. Rowsham with all of my financial information (including the details for my automobile repair business) and my federal income tax returns to prepare what I believed in good faith would satisfy the requirements of the Bankruptcy Court.

4.	I reviewed my final bankruptcy documents before the final signed bankruptcy schedules and related documents were filed on July 2, 2008. To reiterate, the final draft of my bankruptcy schedules and related documents, I believed in good faith complied in all material respects with the information I was required to provide. A true and correct copy of my July 2, 2008 Bankruptcy Schedule are attached to my Trial Booklet.

5.	On or about August 11, 2008, I attended the Section 341(a) hearing scheduled in my bankruptcy case. The interim, then permanent trustee of my bankruptcy estate was Thomas H. Casey. I also was accompanied to my Section 341(a) hearing with the bookkeeper that assisted with the preparation of my bankruptcy schedules, namely Mr. Sohrab Rowsham. Also in attendance during my Section 341(a) hearing to examine me under oath was Mackenzie Boxer (Madison Harbor Capital's lawyer) and Darren Smith (counsel to Plaintiff herein).

///

6.    My counsel in this matter obtained a true and correct copy of the CD ROM from the United States Trustee's Office that recorded my testimony during my August 11, 2008 Section 341(a) hearing.  Also, my counsel's legal assistant, Cristina Allen, accurately and fully transcribed my live testimony from my August 11, 2008 Section 341(a).  As with my initial filed Bankruptcy Schedules, I believe in good faith that the testimony I provided under oath during my August 11, 2008 was true and correct in its entirety.  A true and correct copy of the transcript of my August 11, 2008 Section 341(a) transcript is attached to my Trial Booklet.

7.    On August 20, 2008, Thomas Casey, in his capacity as the Chapter 7 Trustee of my bankruptcy estate filed his Report of No Assets for my bankruptcy estate. It is my understanding Mr. Casey would take this step based on my candid testimony during my August 11, 2008 Section 341(a) hearing, in combination with my initially filed Bankruptcy Schedules.  In fact the Chapter 7 Trustee concluded the Section 341 Examination with the following statement, "I am going to conclude [referring to the Section 341(a) Examination] because this is a service-based business. Um and I don't, uh I see any other evidence of any assets."

8.    On or about December 1, 2008, I initially met with my now present attorney, Thomas J. Polis, when I first became aware of the severe legal consequences of the Plaintiff having obtained a Default Judgment in this Adversary Proceeding.  Without waiving any attorney-client privilege, Mr. Polis advised me that my Bankruptcy Schedules and related documents needed to be immediately amended to more accurately reflect the information for all of my creditors and minor inconsequential amendments to my personal assets. Consequently, on December 4, 2008, I filed, with the assistance of Mr. Polis, Amended Bankruptcy Schedules and related documents.  Though I did not intend to mislead any interested parties in relation to my initial July 2, 2008 Bankruptcy Schedules, I believe the December 4, 2008 Amended Bankruptcy Schedules more accurately detailed my creditors and assets.  A true and correct copy of my December 4, 2008 Amended Schedule is attached to my Trial Booklet.

9.    Again, on December 18, 2008, I with the assistance of my counsel, filed

Amended Schedules related to adding creditors to my bankruptcy schedules. None of the added creditors to my December 18, 2008 Amended Bankruptcy Schedules involved any fraud allegations nor was there any motive by me to intentionally exclude those newly added creditors from participating in my bankruptcy case. A true and correct copy of my December 18, 2008 Amended Bankruptcy Schedules is attached hereto as Exhibit "D".

10. Again, on April 9, 2009, I with the assistance of my counsel, Thomas J. Polis filed another Amended Schedule F (Creditors' Holding Unsecured Claims). This Amendment related to one specific creditor, Wells Fargo, of which I was completely unaware until the creditor started to pursue me post-petition based on a judgment that had been rendered pre-petition.

11. Contrary to the allegations made by the Plaintiff in the Joint Pre-Trial Order, the following statements need to be clarified:

    a) I did not admit during my August 11, 2008 Section 341(a) Exam that I falsely misspelled my name, in fact I clarified another name that I used over 30 years ago;

    b) Contrary to Plaintiff's Joint Pre-Trial Order, I did not list that I own a "rental property," when in fact the reference to "Rental Property" was listed for the location of the whereabouts of my personal property assets;

    c) I did not undervalue the fair market value of my wholly owned personal services entity, Capo Inc. Since there is essentially no value to the business as an automobile mechanic repair shop if I did not work everyday in the business as I presently do there would be no residual value;

    d) I have no accounts receivable, either based on any personal ownership or corporate ownership of Capo, Inc. (my automobile repair business);

  e) I did not intentionally under-value any of the assets listed on my Bankruptcy Schedules or omit to list any assets with the intention to deceive either the Court, the Chapter 7 Trustee or my creditors;

  f) I did not intentionally mislabel any of the figures in either my Schedule I or J with the intention to deceive either the Court, the Chapter 7 Trustee or my creditors;

  g) I initially did not list any other creditors in my Bankruptcy Schedules because I believed in good faith that the primary creditor that I needed the benefit of a bankruptcy discharge was Plaintiff's claim, and that I could pay the other creditors over time. However, when I was informed by my counsel that all creditors had to be listed, I included all such creditors on my Amended Bankruptcy Schedules filed in December 2008 and April 2009; and

  h) As stated herein, I believed in good faith that the information I provided in my initial July 2008 Bankruptcy Schedules and the testimony I provided the Chapter 7 Trustee with during my August 11, 2008 Section 341(a) hearing was sufficient to comply with my duties as a debtor under the Bankruptcy Code. At no point during the process up to the time when I retained experienced bankruptcy counsel in December 2008, did I intend to deceive the Court, the Chapter 7 Trustee, or my creditors.

12. I am informed that one of the allegations the Plaintiff is asserting against me is that I intentionally and with a fraudulent intent failed to provide adequate record keeping concerning my pre-petition financial condition. In response to that I provided the Chapter 7 Trustee all the information he requested and answered all of his questions truthfully during my August 11, 2008 Section 341(a) hearing and examination.

1     13.    I am also informed that another allegation by the Plaintiff against me is that I knowingly and fraudulently made a false oath in regards to my bankruptcy case. As I have repeated, I relied completely on my bookkeeper, Sohrab Rowsham when I initially filed my bankruptcy case. My reliance on Mr. Rowsham was in good faith. Secondly, when I retained experienced bankruptcy counsel in December 2008, I followed all of his advise to remedy the inadvent omissions in my Bankruptcy Schedules.

    14.    Finally, I am informed that the Plaintiff has alleged that I failed to explain any loss of assets. That is also completely without merit since I listed in my initial July 2008 Bankruptcy Schedules my assets, and again yet more accurately when I filed my Amended Bankruptcy Schedules in December 2008 and April 2009. I have been as candid and forthright as possible with the Court, the Chapter 7 Trustee and the creditors of my bankruptcy estate.

I declare under the penalty of perjury of the laws of the United States that all of the statements herein are true and correct.

Executed this 2nd day of April, 2010 at San Juan Capistrano, California.

                                                     **By:**    /s/ Reza Kucheki
                                                              **Reza Kuckeki**

| | |
|---|---|
| In re: **Reza Kuchecki,** <br><br> Debtor(s). | Chapter: **7** <br> Case Number: **8:08-bk-13809-TA** <br> Adv. Proc.: **8:08-ap-01389-TA** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
**19800 MacArthur Boulevard, Suite 1000**
**Irvine, California 92612-2433**

The foregoing document described **TRIAL DECLARATION OF DEBTOR/DEFENDANT REZA KUCHEKI** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 4, 2010,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Thomas Casey, Chapter 7 Trustee, tomcasey@tomcasey.com
- Office of the United States Trustee - Santa Ana Division, ustpregion16.sa.ecf@usdoj.gov
- Darren G. Smith, Esq. - smithlaw@fea.net

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **April 4, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

**SERVED VIA DDS DELIVERY**
- Honorable Theodor C. Albert, United States Bankruptcy Court, Central District of California, Santa Ana Division 411 West Fourth Street, Suite 5085, Santa Ana, California 92701-4593

**SERVED VIA GOLDEN STATE OVERNIGHT DELIVERY**
- John L. Palmer, Esq., Bucher & Palmer, LLP, 18002 Irvine Boulevard, Suite 108, Tustin, California 92780

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 2, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

**SERVED VIA FACSIMILE TRANSMISSION**
- John L. Palmer - (714) 619-6878

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **April 4, 2010** | **Cristina L. Allen** | **/s/ Cristina L. Allen** |
|---|---|---|
| *Date* | *Type Name* | *Signature* |