1  Darren G. Smith, SBN 168111
   Darren Gordon Smith PLC
2  John L. Palmer, SBN 206981
   Newport Park Centre
3  5001 Birch Street
   Newport Beach, CA 92660
4  Telephone: (949) 760-6036; Fax: (949) 719-7728
   Attorney for: Creditor and Plaintiff, Mahmood Rafsanjani
5
6
7
8              UNITED STATES BANKRUPTCY COURT
9         CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

10 | In re                          ) Case No. 8:08-BK-13809-TA
11 | Reza Kuchecki,                  ) Chapter 7
12 |      Debtor.                    ) Adv. Proc. 8:08-01389-TA
13 |                                 )
14 | Mahmood K. Rafsanjani,          ) **TRIAL DECLARATION OF PLAINTIFF,**
                                      ) **MAHMOOD K. RAFSANJANI**
15 |      Plaintiff,                 ) Trial Date:  April 12, 2010
16 | v.                              ) Time:        10:00 a.m.
                                      ) Courtroom:   5B
17 | Reza Kuchecki,                  )
18 |      Defendant.                 )
19 |                                 ) Judge: Honorable Theodor C. Albert
20 |                                 )
21 |                                 )

22    **TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY**
23    **JUDGE; THE DEFENDANT AND HIS COUNSEL OF RECORD; AND OTHER PARTIES**
24    **ENTITLED TO NOTICE:**
25        Judgment Creditor/Plaintiff, Mahmood Rafsanjani, submits the following trial declaration.
26 Judgment Creditor/Plaintiff reserves all rights to re-direct the witness and submit corroborating
27 evidence.
28        1. I, Mahmood K. Rafsanjani, declare as follows:

Declaration of Mahmood K. Rafsanjani          1

2. I am the Plaintiff in this adversary proceeding and I am a judgment creditor of defendant, Reza Kuchecki aka Ray Kucheki (hereinafter "Defendant"), who is the debtor in the above-captioned case, having filed for Chapter 7 bankruptcy on July 2, 2008.

3. In or around August 1999, Defendant borrowed money from me in order to start a business. Defendant decided to use my funds to buy a Shell gas station that we would both own. At that time Defendant asked me for my personal information, including my social security number and date of birth. Defendant urged me to lend him the money, knowing that my son was seriously ill and facing brain surgery and Defendant told me that the gas station would be a source of revenue for both of us for years to come. Pursuant to this agreement, Defendant was to make me a co-owner in the corporation that purchased the service station.

4. Thereafter, on information and belief, Defendant did indeed purchase a Shell station in Torrance, California and ran same. When Defendant was in desperate need of money to purchase more gasoline and to keep the business afloat, he turned again to me. Despite suffering financial hardship as a result of my child's illness, I was able to loan more money to Defendant.

5. Subsequently, I learned that Defendant did not make me a co-owner in the gas station business. Moreover, I learned that Defendant sold the business without providing any proceeds to me. On information and belief, after Defendant sold the Shell station, he bought an automobile mechanic shop.

6. Also, on information and belief, Defendant was falsely using my name and social security number in order to open up bank accounts and to incur credit. This was during the time Defendant was operating the Shell station. I am submitting as an exhibit in the trial a true and correct page from my credit report that shows Defendant's name, Reza Kucheki, associated with my name, which, on information and belief, shows that Defendant was using my identity. I am also submitting as an exhibit in the trial, a true and correct copy of an IRS form 941 for Torrance Shell, which was Defendant's company, however, he submitted this form to the IRS using my name, Mahmood Reza Kuchaki Rafsanjani. I am also submitting as an exhibit a true and correct copy of a Google search I conducted, which shows that Defendant's Smog Check license was suspended. On information and belief, this shows that he started using my name in business because he had a bad background.

7. I demanded that Defendant immediately cease falsely using my identity and that he pay back all sums owed to me. Defendant promised to do so and also agreed to pay me back, this time

Declaration of Mahmood K. Rafsanjani                    2

from the sale of his residence. When Defendant again did not pay, I had Defendant sign a promissory note, wherein he agreed that the remaining balance of $80,000.00 was to be paid back with interest. I am submitting as an exhibit a true and correct copy of the promissory note that Defendant signed. Defendant later paid $18,000 on this note, leaving a balance due in the amount of $62,000.

8. On or around December 7, 2006, I filed a police report with the San Jose Police Department alleging credit and identity fraud against Defendant.

9. Thereafter, I initiated a civil lawsuit against Defendant to collect the balance due on the promissory note. The matter came on for bench trial on April 7, 2008 in Dept C-27 of the Orange County Superior Court, Central District. When Defendant appeared in court for the trial, I heard him introduce himself to the judge as Mohammed Reza Kucheki Rafsanjani, even though his name is **actually Reza Kucheki, as his California driver's license and his Social Security card show.** I am submitting as exhibits true and correct copies of Defendant's California driver's license and his Social Security card.

10. There were other instances when Defendant used my name or Social Security number. There is a document from Shell addressed to M. Reza Kuchaki that states, "Your sold to customer number is: 242125." He also used my Social Security number to open a bank account.

11. At trial, both sides were represented by counsel and presented evidence. On June 19, 2008, Judge Peter J. Polos awarded judgment in favor of Plaintiff and against Defendant in the total amount of $62,000 principal plus interest in the amount of $38,420, for a total of $100,420, with interest thereafter accruing at the legal rate of 10% per annum. I am submitting as an exhibit a true and correct copy of this judgment.

12. On July 2, 2008, approximately two weeks from the date of entry of the judgment, Defendant filed the above-captioned bankruptcy. I retained attorney Darren Smith to represent my interests as a creditor of Defendant. Without disclosing confidential attorney client communications, Mr. Smith advised me that Defendant's bankruptcy petition and supporting papers (hereinafter "Petition") contained many inaccuracies and omissions. For example, Defendant warranted in his Declaration Concerning Debtor's Schedules under penalty of perjury that the information contained in said Schedules was true and correct.

13. A 341(a) hearing was held on August 11, 2008 at 1:00 p.m. in Defendant's bankruptcy case. One of my attorneys, Darren Smith, obtained from the United States Trustee's Office a copy of

the CD Rom that the Trustee's Office used to record Defendant's testimony. My other attorney, John Palmer, retained certified court reporter, Penny L. Casey, SCR No. 11123, to transcribe Defendant's 341(a) testimony. I am submitting as a trial exhibit, a true and correct copy of the transcript. At that hearing, Defendant represented under penalty of perjury that everything contained in his bankruptcy paperwork was true and correct, that he had listed all his assets and debts, and that there were no errors or omissions in said documents.

14. Also, on information and belief, Defendant admitted in his 341(a) testimony that he falsely spelled his last name in all documents as "Kuchecki," when his legal name is in fact spelled "Kucheki."

15. In the Petition, Defendant stated that he had not used other names in the past eight years. The name he used in his Petition was "Reza Kuchecki." However, on December 4, 2008, Defendant filed an amended bankruptcy petition, (hereinafter the "Amended Petition") under the name, "Reza R. Kucheki" (without the second "c" in his last name) and he states that he is also known as "Mohammed R. Kuchaki" and "Ray R. Kucheki." Even in his Amended Petition, however, he fails to disclose the other name he used at the trial in State court; M. Reza Kucheki Rafsanjani, and fails to use the name he used on an IRS form 941; Mahmood Reza Kuchaki Rafsanjani, which I discuss in more detail below. Moreover, investigator, John Yeaw, discovered other names associated with Defendant, including Ray H. Kucheki and Ray M. Kucheki. I am submitting as a trial exhibit a true and correct copy of Mr. Yeaw's report.

16. Defendant certified under penalty of perjury in Exhibit D of his Petition that "I requested credit counseling services from an approved agency but was unable to obtain services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now." But, Defendant did not provide any exigent circumstances, though he did provide a Credit Counseling Statement.

17. On information and belief, Defendant falsely represented in his 341(a) hearing that he had listed all his creditors in his bankruptcy Petition, when in fact he listed no creditors therein.

18. Defendant stated in the Summary of Schedules in his Petition that he had co debtors, but failed to list any in Schedule H.

19. Defendant stated in Schedule B #4 of his Petition (Household Goods) that he has rental property, but failed to specify its location.

Declaration of Mahmood K. Rafsanjani    4

20. On information and belief, Defendant undervalued his corporation Capo, Incorporated (hereinafter "Capo") in Defendant's Schedule B #13 of his Petition (where the value is listed at $300). In his Amended Petition, Defendant stated the value as $5,000. Even this valuation appears questionable, however, based on an examination of the following documents Defendant provided in discovery: the 2008 federal income tax return for Capo; a year-end income statement and balance sheet for Capo; and Bank of America statements for Capo from April 24, 2008 through December 23, 2008.

21. The income statement shows gross receipts in 2008 in the amount of $139,790.81, which the tax preparer rounded up to $139,791 on line 1c of the tax return. However, the eight monthly bank statements show deposits totaling $145,926.08, which exceeds the annual gross receipts shown on the income statement and balance sheet. The average monthly deposit during this period was $18,240.76, which, annualized, would reflect gross receipts flowing into the business in the amount of $218,889.12; $79,098.31 more than shown on the income statement and tax return. Moreover, because the tax return and income statement reflect no payments for salaries, wages, or compensation of officers, it is impossible to determine how much money Defendant takes out of the business. The lack of any basis for determining Defendant's income makes the Statistical Summary of Certain Liabilities that Defendant submitted with his Petition appear contrived because it shows monthly income and average expenses to be an identical $3,700.

22. In addition, Defendant's 341(a) testimony, he stated that the only business assets he owns are a table, a computer, and some chairs. He stated that the owner of the land owns everything else in the building and that he leases from the building owner three lifts and the tools he uses in his auto repair business. Consistent with this statement, his Petition and Amended Petition provide no value for business equipment, machinery, furnishings, and supplies.

23. However, Defendant's 2008 income tax return, in line 10a, shows "Buildings and other depreciable assets" with a value before depreciation of $2,722. Similarly, the balance sheet reflects "tools" with a value before depreciation of $1,811.72 and "machinery and equipment" with a value before depreciation of $910.28.

24. Defendant failed to list accounts receivable in his Schedule B #16 in both his Petition and Amended Petition.

Declaration of Mahmood K. Rafsanjani    5

25. Defendant failed to list any licenses in Schedule B #23 in both his Petition and Amended Petition, although, on the income statement for Capo, there is a line item for "fees and licenses" showing an amount of $2,899.86. In addition, investigator John Yeaw found that Defendant holds an FAA Certification as a pilot.

26. On information and belief, Defendant undervalued the clothes he owns in Schedule B #6 in both his Petition and Amended Petition because $40 does not seem to be a reasonable amount. This is also not consistent with Schedule J of the Petition, wherein he lists a monthly clothing expense of $500.

27. On information and belief, Defendant owns jewelry but failed to list any jewelry (including watches) in Schedule B #7 in both his Petition and Amended Petition.

28. On information and belief, Defendant owns some firearms, sports, or hobby equipment but failed to list any Schedule B #8 in both his Petition and Amended Petition.

29. In his Petition, Defendant listed, in Schedule B #25, vehicles with a value of $2,100 but failed to describe the vehicle or vehicles. However, in his Amended Petition, in Schedule B #25, Defendant listed three vehicles with a combined value of $24,600, including a 2004 Mercedes, with a stated value of $22,000.

30. In his Petition, Defendant failed to list, in Schedule G (Executory Contracts), the lease where Defendant's mechanics shop is located, while at the same time, he indicated in his Statement of Intention that he would be reaffirming said lease. Defendant did list this lease in Schedule G in his Amended Petition.

31. In Schedule I of Defendant's Petition, wherein he states his income, Defendant claimed to be single and to have no dependents, but in his 341a hearing testimony, he admitted to being married and having children. In addition, I am also submitting as an exhibit, a true and correct copy of Reza and Ella Kucheki's marriage certificate, which shows they were married on January 11, 2008, which is seven months before Defendant filed his Schedule I stating he was single. Defendant did not file an amended Schedule I.

32. In Schedule I of Defendant's Petition, (Income), Defendant further failed to describe where he works, the address of his employer, and how long he has been employed. Defendant did not file an amended Schedule I.

*Declaration of Mahmood K. Rafsanjani*                    6

33. In Schedule I of Defendant's Petition, (Income), Defendant failed to attach a detailed statement of regular income, as required in item #7. Defendant did not file an amended Schedule I.

34. In Schedule J (Expenses), Defendant failed to list any food expenses in his response to #4. Defendant did not file an amended Schedule J.

35. In Schedule J of Defendant's Petition, (Expenses), Defendant failed to list any medical or dental expenses in his response to #7. Defendant did not file an amended Schedule J.

36. In Schedule J of Defendant's Petition, (Expenses), Defendant failed to list regular expenses of operation of his business as required in question #16, and further failed to attach the required detailed statement of expenses therein (although his monthly income, perhaps coincidentally, exactly matches his alleged expenses). Defendant did not file an amended Schedule J.

37. In Schedule J of Defendant's Petition, (Expenses), Defendant represented in his response to question #5 that his monthly clothing expense is $500. On information and belief, that amount seems too high This is also not consistent with Schedule B # 5 of his Petition and Amended Petition, wherein Defendant states that the current value of his clothing is $40. Defendant did not file an amended Schedule J.

38. In the Statement of Financial Affairs of Defendant's Petition, at question #1, Defendant failed to list any income for the years 2006 and 2007. Defendant did file an amended Statement of Financial Affairs in his Amended Petition, wherein he did list income for the years 2006 and 2007. However, on information and belief, the 2007 income of $10,125 seems too low.

39. In the Statement of Financial Affairs of Defendant's Petition, at question #4, Defendant failed to list any lawsuits that he was party to, despite the fact that Defendant admitted in his 341a testimony that I had sued him and that the subsequent judgment was the sole reason why Defendant filed for bankruptcy. Defendant did file an amended Statement of Financial Affairs in his Amended Petition, wherein he did list two lawsuits.

40. In the Statement of Financial Affairs of Defendant's Petition, and of Defendant's Amended Petition, at question #16, Defendant failed to identify any spouse or any former spouse who, within eight years immediately preceding the commencement of the bankruptcy case resides or resided with him in a community property state. However, as noted above, I have submitted as an exhibit a true and correct copy of Reza and Ella Kucheki's marriage certificate, which shows they

Declaration of Mahmood K. Rafsanjani                    7

were married on January 11, 2008, which is seven months before Defendant filed his Petition. Accordingly, on information and belief, Defendant has a current spouse residing with him in California, which is a community property state. In addition, I am also submitting as an exhibit a true and correct copy of a Grant Deed from Ray and Naderah, Kucheki Husband and Wife, as Joint Tenants, conveying a piece of real estate to Satpaul S. Bedi and Sheila M. Bedi. This Grant Deed was recorded on September 19, 2000. Accordingly, on information and belief, Defendant has a former spouse who resided with him in California, a community property state.

41. In the Statement of Financial Affairs of Defendant's Petition, at question #18, Defendant failed to provide the taxpayer identification number for Capo. Defendant did provide this number in the Statement of Financial Affairs of Defendant's Amended Petition.

42. In his 341a testimony, Defendant falsely claimed to have started his corporation in or around 2000 or 2001, when in fact, on information and belief, Capo was incorporated in the State of California on or around July 29, 2005.

43. In the Statement of Financial Affairs of Defendant's Petition, Defendant falsely signed and further warranted that he was a non-attorney Bankruptcy Petition Preparer, who prepared this document for compensation.

44. In the Individual Debtor's Statement of Intention of Defendant's Petition, Defendant warranted that he "filed a schedule of assets and liabilities which includes debts secured by property of the estate" when in fact he failed to schedule any liabilities whatsoever.

45. In the Statement of Current Monthly Income and Means Test Calculation of Defendant's Petition, (Form B22A), Defendant failed to list any gross receipts or ordinary and necessary operating expenses as required in question #4.

46. Despite Defendant's declaration as to the accuracy of his Master Mailing List of Defendant's Petition, numerous typographical and other errors exist, such as "Commuity Orthopedic" [sic], "The Lakers, NV" [sic], and "Siouxfales, SD" [sic].

47. The false statements that Defendant made in his Petition and supporting documents prevented me and other parties in interest from obtaining an accurate picture of Defendant's financial affairs or business dealings.

Declaration of Mahmood K. Rafsanjani        8

48. Because of the nature of the false statements and the number of them, I believe that Defendant made the false statements in his Petition and supporting documents knowingly and with fraudulent intent to conceal his true financial condition.

49. I believe that, even though Defendant amended certain of the petition schedules after I filed this adversary proceeding, the amended schedules are still not correct in certain material respects, as set forth above.

50. In addition, investigator John Yeaw found that Defendant holds an interest in three parcels of real property, under the name of Ray H. Kucheki, but failed to list any real property in either his original or his amended schedules. Also, John Yeaw found that there are additional fictitious business names that Defendant failed to disclose on his schedules.

51. Defendant also failed to provide any business records, including detailed income and expense sheets required by Schedules I and J, respectively, and failed to identify any bookkeepers, accountants, or holders of financial records in his Statement of Financial Affairs (despite the fact that Defendant brought his alleged accountant to the 341a hearing).

52. As a result of Defendant's failure to provide any business records, among other things, Plaintiff is unable to confirm the extent of the estate's interest in certain assets, their location, or the value thereof.

53. Defendant has not provided an explanation for his failure to maintain adequate records.

I declare under the penalty of perjury under the laws of the United States that the above statements are true and correct. I would testify to the same in a court of law under penalty of perjury.

Dated: April 5, 2010

_____
Mahmood K. Rafsanjani

Declaration of Mahmood K. Rafsanjani                9

| In re: REZA KUCHECKI | CHAPTER 7 |
|---|---|
| Debtor(s). | CASE NUMBER: 8:08-13809TA |
| | ADV. PROC. : 8:08-01389TA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

5001 Birch Street. Newport Beach, California, 92660

A true and correct copy of the foregoing document described **TRIAL DECLARATION OF PLAINTIFF, MAHMOOD K. RAFSANJANI** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. <u>On April 6, 2010</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Thomas H Casey    msalustro@tomcaseylaw.com, tcasey@ecf.epiqsystems.com

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):

On ___April 6, 2010___ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

The Honorable Theodore C. Albert
United States Bankruptcy Court- Central District of California
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 04/06/2010 | Nancy Long | /s/ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

| In re: REZA KUCHECKI | | CHAPTER 7 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 8:08-13809TA |
| | | ADV. PROC. : 8:08-01389TA |

Thomas J Polis    tom@polis-law.com

Darren G Smith    smithlaw@fea.net

United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 9013-3.1**