Thomas J. Polis - SBN 119326
**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
E-Mail: tom@polis-law.com

Counsel for Debtor/Defendant,
Reza Kuchecki a/k/a Reza Kucheki

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>REZA KUCHECKI,<br><br>            Debtor.<br>_____<br><br>MAHMOOD K. RAFSANJANI,<br><br>            Plaintiff,<br><br>v.<br><br>REZA KUCHECKI,<br><br>            Defendant. | Case No. 8:08-bk-13809-TA<br><br>Chapter 7<br><br>Adv. Proc. 8:08-ap-01389-TA<br><br>**DEFENDANT/DEBTOR'S TRIAL BRIEF RE: OBJECTION TO DISCHARGE ADVERSARY PROCEEDING UNDER SECTION 727 OF THE BANKRUPTCY CODE**<br><br>TRIAL:<br>Date:  April 12, 2010<br>Time:  10:00 a.m.<br>Ctrm:  5B, Fifth Floor<br>         Reagan Federal Building & Courthouse<br>         411 W. Fourth St.<br>         Santa Ana, CA  92701 |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE; THE PLAINTIFF AND HIS COUNSEL OF RECORD; AND OTHER PARTIES ENTITLED TO NOTICE:**

Defendant/Debtor, Reza Kuchecki, submits the following *Trial Brief Re: Defense of Plaintiff's Claims under Section 727 of the Bankruptcy Code.*

**Table of Authorities**

**Cases**

1.  *In re Khalil*, 379 B.R.163 9th Cir.BAP (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

2.  *Searles v. Riley* (*In re Searles*), 317 B.R. 368,373 (9th Cir.BAP 2004), aff'd 212 Fed Appdx. 509 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

3.  *Beauchamp v. House* (*In re Beauchamp*), 236 B.R. 727,730 (9th Cir. BAP 1999), aff'd 5 Fed Appdx 743 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

4.  *Fogal Legware of Switz., Inc. v.Wills* (*In re Wills*), 243 B.R. 58, 63 (9th Cir. BAP 1999)...6

5.  *Hansen v. Moore* (*In re Hansen*) 368 B.R. 868, 878 (9th Cir. BAP 2007) . . . . . . . . . .

6.  *Baker v. Mereshian* (*In re Mereshian*), 200 B.R. 342, 346 (9th Cir. BAP 1996). . . . . .7

7.  *In re Dennis*, 330 F3d 696, (5th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

8.  *First Beverly Bank v. Adeeb* (*In re Adeeb*), 787 F.2d 1339, 1342 (9th Cir. 1986).....5, 7

9.  *In re Devers*, 759 Fed 751, 753 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10. *Roberts v. Erhard*, (*In re Roberts*), 331 B.R. 876 (9th Cir. BAP 2005), aff'd, 241 Fed. Appdx 420 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

11. <u>In re Beaubouef</u>, 966 F2d 174, 178 (5th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . ..8

**Statutes**

Section 727(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Section 727(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Section 727(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . 5

## ARGUMENTS IN SUPPORT OF DEFENDANT'S POINTS AND AUTHORITIES TO PLAINTIFF'S SECTION 727 CLAIMS

### A. DEFENDANT'S INTRODUCTORY STATEMENT

As the evidence will show in this case, clearly the Debtor/Defendant is deserving of his discharge under Sections 524, et. seq. of the Bankruptcy Code. As testified to in the Declaration of Defendant, Reza Kuchecki at no point in time did he intend to deceive the Court, the Chapter 7 Trustee or any of his creditors when he filed his Voluntary Bankruptcy Petition in July 2008. Granted, the Defendant concedes that his good faith belief in relying on his bookkeeper for advice on how to complete his bankruptcy schedules in hindsight was not the most prudent move. However, as the evidence at trial will show, the Defendant fully and most importantly truthfully answered all questions posed to him during his August 11, 2008 Section 341(a) hearing, that led the Chapter 7 Trustee to promptly file his No Asset Report on August 20, 2008. Moreover, in December 2008 the Defendant retained the services of experienced bankruptcy counsel and the Defendant promptly amended his bankruptcy schedules and related documents on three separate occasions which show that the Defendant's intent has always been in good faith. Furthermore, the Plaintiff's lack of any evidence that shows the Defendant's omissions on his initial July 2008 Bankruptcy Schedules were other than inadvertent and most importantly not material that led to any concealed assets or insider related avoidable transfers further supports the conclusion that no part of Section 727 was violated in this case.

Apparently, other that the Plaintiff's testimony, the Plaintiff will offer as evidence a purported asset report. However, as contained in the Defendant's Supplemental Declaration, the Plaintiff cannot connect any of the listed assets (real property or otherwise) to the Defendant other than as a commercial or residential tenant or assets the Defendant previously owned at least 10 years ago with his former spouse whom he divorced in 2000.

Overall, the Defendant is entitled to a fresh start and any creditor or party in interest seeking otherwise has a "steep hill to climb". In this case, the Plaintiff has not successfully climbed that steep hill that prevents the Defendant from obtaining the overall benefit every individual strives to obtain in a bankruptcy case, namely a discharge. This case is no different

and, thus the Defendant's discharge should be promptly entered.

### B. UNDER SECTION 727 THE PLAINTIFF IS REQUIRED TO SHOW WITH PROBATIVE RELIABLE EVIDENCE THAT THE DEFENDANT'S OMISSIONS WERE BOTH KNOWINGLY FRAUDULENT, AND ECONOMICALLY MATERIAL TO THE DEBTOR'S CASE UNDER THE CIRCUMSTANCES TO JUSTIFY DENYING THE DEFENDANT'S DISCHARGE

Section 727(a)(3), (a)(4) and (a)(5) provided as follows:

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case–

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from any officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities. (Emphasis added.)

The Ninth Circuit Court of Appeals in *First Beverly Bank v. Adeeb* (*In re Adeeb*), 787 F2d 1339, 1342 (9th Cir. 1986), reaffirmed the general proposition, "A claim for denial of discharge under Section 727 is construed liberally in favor of discharge and strictly against a person objection to the discharge. See also, *In re Devers,* 759 F2d 751, 753 (9th Cir. 1985); and *In re Beauchamp*, 236 B.R. 727, 730 (9th Cir. BAP 1999) aff'd, 5 Fed Appx. 743 (9th Cir. 2001). Also, *In re Dennis,* 330 F.3d 696 (5th Cir. 2003).

In this case, the evidence will show that Plaintiff's claims under Section 727 against Defendant Reza Kuchecki have no merit since Plaintiff has not shown and will not be able to

show at trial that Defendant Reza Kuchecki acted knowingly with the requisite fraudulent intent to conceal his assets and that such omissions were economically material to the Debtor's bankruptcy case. Defendant Reza Kuchecki made the honest mistake of allowing his bookkeeper to assist with the preparation of his initial July 2008 Bankruptcy Schedules. However, after that point, Defendant Reza Kuchecki more objectively displayed his good faith when he fully and accurately answered the Chapter 7 Trustee's and creditors' inquiries during the Defendant's extended August 11, 2008 Section 341(a) hearing. The Chapter 7 Trustee filed his No Asset Report soon thereafter on August 20, 2008. Thereafter in December 2008, the Defendant's retention of experienced bankruptcy counsel to properly advise the Defendant and promptly filed Amended Bankruptcy Schedules further show the Defendant's good faith. Under no circumstances should the Defendant's discharge be denied in this case.

**C.  THE PLAINTIFF WILL NOT BE ABLE TO MEET HIS BURDEN OF PROOF UNDER SECTION 727(A)(4)(A) THAT REQUIRES THE ALLEGED FALSE OATHS TO BE BOTH KNOWINGLY AND FRAUDULENT AND MATERIAL TO THE DEBTOR'S OVERALL BANKRUPTCY ESTATE**

Based on the allegations in the Plaintiff's Complaint and reiterated in the Plaintiff's portion of the Joint Pre-Trial Order, the crux of the Plaintiff's Complaint are the legal relevance omissions in the Defendant's July 2008 initial Bankruptcy schedules. The Plaintiff does not show that any of the Defendant's omissions did in fact lead to the discovery of any concealed assets of an economically material nature or other economic benefit for the Defendant's bankruptcy estate. Rather just that "darn it," something is missing, so therefore it must be fraudulent.

The Ninth Circuit Bankruptcy Appellate Panel in *In re Khalil*, 379 B.R. 163, (9th Cir. BAP 2007) discussed the standards for denial of a debtor's discharge under Section 727 (a)(4)(A). See also, Roberts v. Erhand (*In re Roberts),* 331 B.R. 876, 882 (9th Cir. BAP 2005) aff'd 241 Fed. Appx 420 (9th Cir.2006).

The Ninth Circuit Bankruptcy Appellate in *Khalil*, held:

> The party objecting to the debtor's discharge under
> § 727(a)(4)(A) has the burden to show by a preponderance
> of the evidence that: (1) the debtor made a statement
> under oath; (2) the statement was false; (3) the debtor

knew the statement was false; (4) <u>the debtor made the statement with fraudulent intent</u>; and (5) <u>the statement related materially to the bankruptcy case.</u>  (Emphasis added.)

The Bankruptcy Appellate Panel in <u>Khalil</u>, also held:

[T]hat said, a false statement or omission <u>that has no impact on a bankruptcy case is not material and does not provide grounds for denial of a discharge under</u> § 727 (A)(4)(A).

See also, <u>Fogal Legware of Switz., Inc. V. Wills</u> (<u>In re Wills</u>),243 BR. 58, 63 (9th Cir. BAP 1999).

Thus in this case, Plaintiff's whole case is based on the fact that Defendant's initial July 2008 bankruptcy schedules were missing inconsequential information that clearly was not material to the overall bankruptcy case. The Chapter 7 Trustee soon after the Debtor's August 11, 2008 First Meeting of Creditors quickly filed his No Asset, further illustrating the inconsequential nature of the Debtor's omissions. Secondly, the Debtor's Amended schedules clearly resolved any of the Debtor's omissions by accurately disclosing all such assets and other pre-petition financial affairs. The Plaintiff thus has failed to meet his burden of proof under section 727 (a)(4)(A).

D. <u>THE DEBTOR'S FULL AND HONEST COOPERATION WITH THE CHAPTER7 TRUSTEE DURING THE DEBTOR'S SECTION 341(A) HEARING FURTHER SHOWS THE DEFENDANT/DEBTOR WAS NOT ACTING WITH A FRAUDULENT INTENT AS REQUESTED UNDER SECTION 727</u>

The Ninth Circuit Court of Appeals in *Adeeb* (787 F2d 1345), held that a debtor's full and candid cooperation with his Chapter 7 Trustee at his first meeting of creditors shows the debtor's lack of fraudulent intent.  The Ninth Circuit in <u>Adeeb</u>, at 1345 stated:

"...a debtor who fully divulges his property transactions at the first meeting of creditors is not concealing property from his creditors..."

<u>See</u> <u>also</u>, <u>In re Mereshian</u>, 200 B.R. 342 (9th BAP Cir. 1996).

In this case, the transcript of the Debtor's August 11, 2008 341 (a) hearing combined with the Chapter 7 Trustee's prompt filing of his No-Asset Report shows that the Debtor was completely forthright with the Chapter 7 Trustee and his creditors. This was always the objective of the Debtor, to be as forthright as possible with the Court, the Chapter 7 Trustee

and his creditors. Consequently, the Debtor's discharge should be entered in this case.

E. **FINALLY THE DEBTOR'S VARIOUS AMENDED FILED SCHEDULES AFTER HE RETAINED EXPERIENCED BANKRUPTCY COUNSEL ALSO SHOWS THE DEBTOR'S OBJECTIVE GOOD FAITH TO BE AS CANDID AS POSSIBLE AND THUS DESERVING OF HIS DISCHARGE**

Numerous counts have stated that a debtor's purported fraudulent conduct under Section 727 can be nullified if the debtor clears up any inconsistencies and/or omissions with accurate amended schedules and other related documents. For example, the Ninth Circuit Bankruptcy Appellate Panel in In re Khalil, 379 B.R. 163 (9th BAP Cir. 2007), stated:

> [H]owever, the existence of more than one falsehood, together with the debtor's failure to take advantage of the opportunity to clear up all inconsistencies and omissions, such as when filing amended schedules, can be found to constitute reckless indifference to the truth satisfying the requisite finding of intent to deceive. (Emphasis added.)

See also, In re Beaubonet, 966 F2d 174, 178 (5th Cir. 1992).

In this case, the Defendant's December 2008 Amended Schedules combined with the April 2009 Amended Schedules after the Defendant retained experienced Bankruptcy counsel all show that the Defendant did not harbor the requisite knowingly fraudulent intent to have his discharge denied under Section 727 of the Bankruptcy Code. The Debtor's good faith belief that his initial July 2008 Bankruptcy schedules were sufficient based on the advice of his bookkeeper, in hindsight was not a wise course of action. However, the Debtor's corrected December 2008 and April 2009 Amended Schedules clearly shows it was not the Debtor's intention to deceive the Court, the Chapter 7 Trustee or his creditors.

///
///
///
///
///
///
///

## **CONCLUSION**

The Defendant-Debtor respectfully requests that the Court rule in his favor and allow his discharge to be entered. The Debtor-Defendant has at all times acted in the utmost good faith.

**DATED: APRIL 6, 2010**  POLIS & ASSOCIATES,
A PROFESSIONAL LAW CORPORATION

By:    /s/ Thomas J. Polis
       Thomas J. Polis, Esq.
       Counsel for Debtor/Defendant
       Reza Kuchecki

| | |
|---|---|
| In re: **Reza Kuchecki,**<br><br>Debtor(s)**.** | Chapter: **7**<br>Case Number: **8:08-bk-13809-TA**<br>Adv. Proc.: **8:08-ap-01389-TA** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
19800 MacArthur Boulevard, Suite 1000
Irvine, California  92612-2433

The foregoing document described **TRIAL DECLARATION OF DEBTOR/DEFENDANT REZA KUCHEKI** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 6, 2010,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Thomas Casey, Chapter 7 Trustee, tomcasey@tomcasey.com
- Office of the United States Trustee - Santa Ana Division, ustpregion16.sa.ecf@usdoj.gov
- Darren G. Smith, Esq. - smithlaw@fea.net

☐    Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **April 6, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**SERVED VIA DDS DELIVERY**
- Honorable Theodor C. Albert, United States Bankruptcy Court, Central District of California, Santa Ana Division 411 West Fourth Street, Suite 5085, Santa Ana, California 92701-4593

**SERVED VIA GOLDEN STATE OVERNIGHT DELIVERY**
- John L. Palmer, Esq., Bucher & Palmer, LLP, 18002 Irvine Boulevard, Suite 108, Tustin, California 92780

☐    Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 6, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**SERVED VIA FACSIMILE TRANSMISSION**
- John L. Palmer, Esq. Bucher & Palmer, LLP - (714) 619-6878

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 6, 2010 | Cristina L. Allen | /s/ Cristina L. Allen |
|---|---|---|
| *Date* | *Type Name* | *Signature* |