Darren G. Smith, SBN 168111
Darren Gordon Smith PLC
John L. Palmer, SBN 206981
Newport Park Centre
5001 Birch Street
Newport Beach, CA 92660
Telephone: (949) 760-6036; Fax: (949) 719-7728
Attorney for: Creditor and Plaintiff, Mahmood Rafsanjani

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Reza Kuchecki,<br><br>  Debtor.<br><br>_____<br><br>Mahmood K. Rafsanjani,<br><br>  Plaintiff,<br><br>v.<br><br>Reza Kuchecki,<br><br>  Defendant. | Case No. 8:08-BK-13809-TA<br><br>Chapter 7<br><br>Adv. Proc. 8:08-01389-TA<br><br>**PLAINTIFF, MAHMOOD K. RAFSANJANI'S, TRIAL BRIEF RE: OBJECTION TO DISCHARGE UNDER 11 U.S.C. SECTION 727**<br><br>Trial Date:  April 12, 2010<br>Time:  10:00 a.m.<br>Courtroom:  5B<br><br>Judge: Honorable Theodor C. Albert |

**I. Introduction**

In this case, plaintiff, Mahmood Rafsanjani, (hereinafter "Plaintiff") seeks an order from this court denying defendant, Reza Kuchecki (hereinafter "Defendant"), the discharge pursuant to 11 U.S.C. § 727 because of numerous false statements and material omissions Defendant made in his bankruptcy petitions and his 341(a) testimony. As Plaintiff explains, Defendant's false statements and omissions were material in that they concealed assets of the estate, and Defendant made them knowingly and with fraudulent intent to conceal his true financial condition.

Trial Brief of Plaintiff. Mahmood K. Rafsanjani          1

# II. Table of Contents

I. INTRODUCTION .................................................................................................................. 1

II. TABLE OF CONTENTS ..................................................................................................... 2

III. TABLE OF AUTHORITIES ............................................................................................... 3

IV. STATEMENT OF FACTS .................................................................................................. 4

V. THE COURT SHOULD DENY DEFENDANT'S DISCHARGE FOR MAKING A FALSE OATH AND ACCOUNT ................................................................................................... 9

   A. DEFENDANT MADE NUMEROUS FALSE STATEMENTS UNDER OATH .................................. 9

   B. DEFENDANT MADE THE FALSE STATEMENTS WITH FRAUDULENT INTENT ..................... 11

   C. DEFENDANT'S FALSE STATEMENTS WERE MATERIAL ....................................................... 12

VI. THE COURT SHOULD DENY DEFENDANT'S DISCHARGE FOR FAILING TO KEEP ACCURATE RECORDS ............................................................................................... 12

VII. THE COURT SHOULD DENY DEFENDANT'S DISCHARGE FOR FAILING TO EXPLAIN LOSS OF ASSETS ........................................................................................ 13

VIII. CONCLUSION ............................................................................................................... 14

Case 8:08-ap-01389-TA    Doc 33    Filed 04/08/10    Entered 04/08/10 18:26:22    Desc
Main Document    Page 3 of 16

# III. Table of Authorities

**Cases**

*In re Beausoleil* 142 B.R 31 (Bkrtcy.D.R.I., 1992) .................................................................. 13

*In re Braidis*, 27 BR 470 (Bkrtcy.Pa.,1983) ........................................................................... 9

*In re Chalik* 748 F.2d 616 (11th Cir. 1984) ............................................................................ 12

*In re Cox* 41 F.3d 1294 (9th Cir. 1994) .................................................................................. 12

*In re Cox* 904 F.2d 1399 (9th Cir. 1990) ................................................................................ 12

*In re Gannon* 173 B.R. 313 (Bkrtcy.S.D.N.Y.,1994) ............................................................. 13

*In re Keeney* 227 F.3d 679 (6th Cir. 2000) ............................................................................. 11

*In re Khalil* 379 B.R. 163 (9th Cir.BAP (Cal.),2007) ............................................................. 11

*In re Kindorf* 105 B.R. 685 (Bkrtcy.M.D.Fla.,1989) .............................................................. 11

*In re Scott* 172 F.3d 959 (7th Cir. 1999) ................................................................................. 12

*In re Sherman* 39 B.R. 208 (Bkrtcy.Cal.,1984) ..................................................................... 12

*In re Sholdra*, 249 F3d 380 (5th Cir. 2001) ........................................................................... 11

*In re Tully* 818 F.2d 106 (1st Cir. 1987) ................................................................................. 10

*In re Turner*, 335 B.R. 140, 148 (Bkrtcy.N.D.Cal., 2005) ..................................................... 9

*In re Ward* 92 B.R. 644 (Bkrtcy.W.D.Pa.,1988) .................................................................... 10

*In re Wills* 243 B.R. 58 (9th Cir. BAP 1999) ......................................................................... 12

*Matter of Juzwiak* 89 F.3d 424 (7th Cir. 1996) ..................................................................... 13

*Mazer v. United States* 298 F.2d 579 (7th Cir. 1962) ............................................................ 11

*Meridian Bank v. Alten* 958 F.2d 1226 (3rd Cir. 1992) ........................................................ 13

*United States v. Phillips* 606 F.2d 884 (9th Cir. 1979) ......................................................... 12

*United States v. Swenson (In re Swenson)*, 381 B.R. 272 .................................................... 9

**Statutes**

11 U.S.C. § 727 .................................................................................................. 1, 9, 12, 13

## IV. Statement of Facts

### A. Plaintiff's Underlying Claim against Defendant

Plaintiff is a judgment creditor of Defendant, who is the debtor in the above-captioned case. As Plaintiff explains in detail in his declaration, in or around August 1999, Defendant borrowed money from him to buy a business that the two of them were to co-own. Defendant did indeed purchase the business and ran it. Plaintiff even loaned additional money to Defendant after the purchase.

However, Plaintiff later learned that Defendant had not made Plaintiff a co-owner in the business. Defendant promised to repay the money to Plaintiff and executed a promissory note. When Defendant would not repay the money, Plaintiff filed suit against Defendant to collect the balance due. On June 19, 2008, the court entered judgment in favor of Plaintiff and against Defendant in the total amount of $62,000 principal plus interest in the amount of $38,420, for a total of $100,420, with interest thereafter accruing at the legal rate of 10% per annum. On July 2, 2008, approximately two weeks from the date of entry of the judgment, Defendant filed the above-captioned bankruptcy.

### B. Inaccuracies in Defendant's Bankruptcy Filings and 341(a) Hearing Testimony

At Defendant's 341(a) hearing on August 11, 2008, Defendant represented under penalty of perjury that everything contained in his bankruptcy paperwork was true and correct, that he had listed all his assets and debts, and that there were no errors or omissions in said documents. However, Defendant's bankruptcy filing and 341(a) testimony are replete with errors and inconsistencies, even about matters as basic as his name and marital status.

For example, Defendant admitted in his 341(a) testimony that he falsely spelled his last name in all documents as "Kuchecki," when his legal name is in fact spelled "Kucheki" (without the second "c"). In addition, in Defendant's initial bankruptcy petition (hereinafter the "Petition"), he stated that he had not used other names in the past eight years, but this is not true.

The name Defendant used in his Petition was "Reza Kuchecki." However, on December 4, 2008, he filed an amended petition, (hereinafter the "Amended Petition") under the name, "Reza R. Kucheki" (without the second "c") and he states that he is also known as "Mohammed R. Kuchaki" and "Ray R. Kucheki." Even in his Amended Petition, however, he failed to disclose other names he has used.

*For example, as Plaintiff states in his declaration, at the trial in State court, Defendant told the court that his name was M. Reza Kucheki Rafsanjani, but Defendant did not disclose that name in either of his petitions.  As Plaintiff also states in his declaration, Defendant submitted to the IRS a* **form 941 using the name, Mahmood Reza Kuchaki Rafsanjani, but Defendant did not disclose that** name in either of his petitions.  Moreover, investigator, John Yeaw, discovered other names associated with Defendant, including Ray H. Kucheki and Ray M. Kucheki, which Defendant did not disclose in either of his petitions.

Defendant also certified under penalty of perjury in Exhibit D of his Petition that "I requested credit counseling services from an approved agency but was unable to obtain services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now."  But, Defendant did not provide any exigent circumstances, though he did provide a Credit Counseling Statement.

Defendant represented in his 341(a) hearing that he had listed all his creditors in his bankruptcy Petition, when in fact he listed no creditors therein.  Defendant also stated in the Summary of Schedules in his Petition that he had co debtors, but failed to list any in Schedule H.  Defendant also stated in Schedule B #4 of his Petition (Household Goods) that he has rental property, but failed to specify its location.

Defendant also undervalued his corporation Capo, Incorporated (hereinafter "Capo") in Defendant's Schedule B #13 of his Petition (where the value is listed at $300).  In his Amended Petition, however, Defendant stated the value as $5,000.  Even this valuation appears questionable, however, based on an examination of the following documents Defendant provided in discovery: the 2008 federal income tax return for Capo; the 2008 year-end income statement and balance sheet for Capo; and Bank of America statements for Capo from April 24, 2008 through December 23, 2008.

The income statement shows gross receipts in 2008 in the amount of $139,790.81, which the tax preparer rounded up to $139,791 on line 1c of the tax return.  However, the eight monthly bank statements show deposits totaling $145,926.08, which exceeds the annual gross receipts shown on the income statement and tax return.  The average monthly deposit during this period was $18,240.76, which, annualized, would reflect gross receipts flowing into the business in the amount of $218,889.12; $79,098.31 more than shown on the income statement and tax return.  This calls into question the stated value of Defendant's business even under the Amended Petition.

Moreover, because the tax return and income statement reflect no payments for salaries, wages, or compensation of officers, it is impossible to determine how much money Defendant takes out of the business. The lack of any basis for determining Defendant's income makes the Statistical Summary of Certain Liabilities that Defendant submitted with his Petition appear contrived because it shows monthly income and average expenses to be an identical $3,700.

In addition, in Defendant's 341(a) testimony, he stated that the only business assets he owns are a table, a computer, and some chairs. He stated that the owner of the land owns everything else in the building and that he leases from the building owner three lifts and the tools he uses in his auto repair business. Consistent with this statement, his Petition and Amended Petition provide no value for business equipment, machinery, furnishings, and supplies.

However, Defendant's 2008 income tax return, in line 10a, shows "Buildings and other depreciable assets" with a value before depreciation of $2,722. Similarly, the balance sheet reflects "tools" with a value before depreciation of $1,811.72 and "machinery and equipment" with a value before depreciation of $910.28.

Defendant also failed to list any licenses in Schedule B #23 in both his Petition and Amended Petition although, on the income statement for Capo, there is a line item for "fees and licenses" showing an amount of $2,899.86. In addition, investigator John Yeaw found that Defendant holds an FAA Certification as a pilot.

Defendant likely undervalued the clothes he owns in Schedule B #6 in both his Petition and Amended Petition because $40 does not seem to be a reasonable amount. This is also not consistent with Schedule J of the Petition, wherein he lists a monthly clothing expense of $500.

Defendant failed to list any jewelry (including watches) in Schedule B #7 in both his Petition and Amended Petition. It would be unusual not to own any jewelry, even a watch.

In his Petition, Defendant listed, in Schedule B #25, vehicles with a value of $2,100 but failed to describe the vehicle or vehicles. However, in his Amended Petition, in Schedule B #25, Defendant listed three vehicles with a combined value of $24,600, including a 2004 Mercedes, with a stated value of $22,000.

In his Petition, Defendant failed to list, in Schedule G (Executory Contracts), the lease where his mechanics shop is located, while at the same time, he indicated in his Statement of Intention that

he would be reaffirming said lease. Defendant did list this lease in Schedule G in his Amended Petition.

In Schedule I of Defendant's Petition, wherein he states his income, Defendant claimed to be single and to have no dependents, but in his 341a hearing testimony, he admitted to being married and having children. In addition, Plaintiff is submitting as an exhibit, a true and correct copy of Reza and Ella Kucheki's marriage certificate, which shows they were married on January 11, 2008, which is seven months before Defendant filed his Schedule I stating he was single. Defendant did not file an amended Schedule I.

In Schedule I of Defendant's Petition, (Income), Defendant further failed to describe where he works, the address of his employer, and how long he has been employed. Defendant did not file an amended Schedule I.

In Schedule I of Defendant's Petition, (Income), Defendant failed to attach a detailed statement of regular income, as required in item #7. Defendant did not file an amended Schedule I.

In Schedule J (Expenses), Defendant failed to list any food expenses in his response to #4. Defendant did not file an amended Schedule J.

In Schedule J of Defendant's Petition, (Expenses), Defendant failed to list any medical or dental expenses in his response to #7. Defendant did not file an amended Schedule J.

In Schedule J of Defendant's Petition, (Expenses), Defendant failed to list regular expenses of operation of his business as required in question #16, and further failed to attach the required detailed statement of expenses therein (although his monthly income, perhaps coincidentally, exactly matches his alleged expenses). Defendant did not file an amended Schedule J.

In Schedule J of Defendant's Petition, (Expenses), Defendant represented in his response to question #5 that his monthly clothing expense is $500. That amount seems too high. This is also not consistent with Schedule B # 5 of his Petition and Amended Petition, wherein Defendant states that the current value of his clothing is $40. Defendant did not file an amended Schedule J.

In the Statement of Financial Affairs of Defendant's Petition, at question #1, Defendant failed to list any income for the years 2006 and 2007. Defendant did file an amended Statement of Financial Affairs in his Amended Petition, wherein he did list income for the years 2006 and 2007. However, the 2007 income of $10,125 seems too low.

Case 8:08-ap-01389-TA    Doc 33    Filed 04/08/10    Entered 04/08/10 18:26:22    Desc
Main Document    Page 8 of 16

In the Statement of Financial Affairs of Defendant's Petition, at question #4, Defendant failed to list any lawsuits that he was party to, despite the fact that Defendant admitted in his 341a testimony that Plaintiff had sued him and that the subsequent judgment was the sole reason why Defendant filed for bankruptcy. Defendant did file an amended Statement of Financial Affairs in his Amended Petition, wherein he did list two lawsuits.

In the Statement of Financial Affairs of Defendant's Petition, and of Defendant's Amended Petition, at question #16, Defendant failed to identify any spouse or any former spouse who, within eight years immediately preceding the commencement of the bankruptcy case resides or resided with him in a community property state. However, as noted above, Plaintiff has submitted as an exhibit a true and correct copy of Reza and Ella Kucheki's marriage certificate, which shows they were married on January 11, 2008, which is seven months before Defendant filed his Petition. Accordingly, it appears that Defendant has a current spouse residing with him in California, which is a community property state.

In addition, Plaintiff is also submitting as an exhibit at trial a true and correct copy of a Grant Deed from Ray and Naderah Kucheki, Husband and Wife, as Joint Tenants, conveying a piece of real estate to Satpaul S. Bedi and Sheila M. Bedi. This Grant Deed was recorded on September 19, 2000. Accordingly, it looks like Defendant has a former spouse who resided with him in California, a community property state.

In the Statement of Financial Affairs of Defendant's Petition, at question #18, Defendant failed to provide the taxpayer identification number for Capo. Defendant did provide this number in the Statement of Financial Affairs of Defendant's Amended Petition.

In the Statement of Financial Affairs of Defendant's Petition, Defendant falsely signed and further warranted that he was a non-attorney Bankruptcy Petition Preparer, who prepared this document for compensation.

In the Individual Debtor's Statement of Intention of Defendant's Petition, Defendant warranted that he "filed a schedule of assets and liabilities which includes debts secured by property of the estate" when in fact he failed to schedule any liabilities whatsoever.

In the Statement of Current Monthly Income and Means Test Calculation of Defendant's Petition, (Form B22A), Defendant failed to list any gross receipts or ordinary and necessary operating expenses as required in question #4.

Despite Defendant's declaration as to the accuracy of his Master Mailing List of Defendant's Petition, numerous typographical and other errors exist, such as "Commuity Orthopedic" [sic], "The Lakers, NV" [sic], and "Siouxfales, SD" [sic].

Even though Defendant amended certain of the petition schedules after Plaintiff filed this adversary proceeding, the amended schedules are still not correct in certain material respects, as set forth above. In addition, there is evidence that Defendant holds an interest in three parcels of real property, under the name of Ray H. Kucheki, but failed to list any real property in either his original or his amended schedules. Also, there is evidence that there are additional fictitious business names that Defendant failed to disclose on his schedules.

### V. The Court should deny Defendant's Discharge for making a False Oath and Account

The court may deny Defendant the discharge if he knowingly and fraudulently made a false oath or account in, or in connection with, the case. (11 U.S.C. §727(a)(4)(A)). The purpose of Section 727(a)(4)(A) is "to ensure that dependable information is supplied to those interested in the administration of the bankruptcy estate so that they can rely upon it without the need for the trustee or other interested parties to dig out these true facts in examination or investigations; the opportunity to obtain a fresh start is thus conditioned upon truthful disclosure." (*United States v. Swenson (In re Swenson)*, 381 B.R. 272, 293 (Bankr. E.D. Cal. 2008)).

To prevail on a claim under Section 727(a)(4)(A), the creditor must establish that (1) there was a false statement under oath or penalty of perjury, (2) the false oath was made knowingly and fraudulently, and (3) the false oath was related to a material fact. (*United States v. Swenson (In re Swenson)* 381 B.R. 272, 293 (Bkrtcy.E.D. Cal. 2008), citing 9th circuit case, In re Aubrey, 111 B.R. 268, 274 (9th Cir. BAP 1990).

### A. <u>Defendant made numerous False Statements Under Oath</u>

A false oath can involve a false statement or material omission from the debtor's Chapter 7 schedules. (*United States v. Swenson (supra)* 381 B.R. at 293; *In re Turner*, 335 B.R. 140, 148 (Bkrtcy.N.D.Cal., 2005). Making a knowingly false statement at a creditor's meeting is also a false oath for which the court may deny the discharge. (*In re Braidis*, 27 BR 470, 472 (Bkrtcy.Pa.,1983)).

A false statement of financial affairs may also constitute false oath for purposes of Section 727(a)(4). (*United States v. Swenson (supra)* 381 B.R. at 293). A common instance of false oath is when a debtor declares that a schedule of property is true and correct and it appears that the debtor

has knowingly and fraudulently omitted assets from it. (*Ibid.*) cites *In re Tan*, 350 B.R. 488, 495 (Bankr.N.D.Cal.2006)) In *Swenson*, the "[d]ebtors attested to the truthfulness and correctness of their bankruptcy petition and schedules under penalty of perjury." (*Id.* at 294). The debtors also testified under oath at the meeting of creditors. (*Ibid.*) "In both contexts, however, the debtors made a number of false oaths that warrant[ed] the denial of their bankruptcy discharge." (*Ibid.*)

As in *Swenson*, Defendant in this case attested to the truthfulness of his Petition when he signed it and reaffirmed it in his 341(a) testimony. However, as set forth in detail above and in Plaintiff's accompanying declaration, Defendant made numerous false statements and omissions, including: misspelling his own name and failing to disclose at least four other names he has used; falsely stating that exigent circumstances merited a waiver of the credit counseling requirement; testifying that he had listed all creditors when he had not listed any creditors; undervaluing his corporation, even in his Amended Petition; underreporting the amount of revenue flowing into his business; testifying that the only business assets he owns are a table, a computer, and some chairs, while his tax return and financial statement reflects ownership of tools, machinery, and equipment; filing contrary reporting of the value of his clothing; omitting from his Petition two vehicles he owns, including a $22,000 Mercedes; stating in his Petition that he was single with no dependents, when, in fact, he was married with a child; failing to list in Schedule J, a list of regular business expenses; failing to list in his initial Statement of Financial Affairs any income for the years 2006 and 2007 and failing to list the lawsuit with Plaintiff, which is the reason he filed bankruptcy in the first place; and apparently failing to disclose his ownership of several parcels of real property.

Defendant tries to excuse these numerous untrue statements by contending that he relied on his accountant for advice in preparing the initial schedules. However, omitting assets on advice of counsel is no defense when it is self evident that property should be scheduled. (*In re Tully* 818 F.2d 106, 111 (1st Cir. 1987)). It should be self evident that a debtor should schedule all of his business revenue, all business personal property he owns, all vehicles he owns, and any real property he owns. Moreover, failure to read the schedules before signing is no excuse. (*In re Ward* 92 B.R. 644, 647 (Bkrtcy.W.D.Pa.,1988)).

Defendant also tries to excuse these numerous untrue statements by contending that he cured the deficiencies by retaining counsel and amending his schedules. However, an amendment of false schedules does not negate the initial false oath in the original schedules. (*In re Sholdra*, 249 F3d

380, 382 (5th Cir. 2001); *Mazer* v. *United States* 298 F.2d 579, 582 (7th Cir. 1962)). In addition, as set forth above, the Amended Petition did not include revised Schedules I and J and does not explain the underreporting of business revenue or business personal property values, or the failure to report the real property.

### B. Defendant made the False Statements with Fraudulent Intent

A party may prove fraudulent intent by circumstantial evidence. (*In re Sholdra*, 249 F.3d at 382). Recklessness combined with other circumstances may give rise to an inference of fraudulent intent. (*In re Khalil* 379 B.R. 163, 174 (9th Cir.BAP (Cal.),2007)). One court found fraudulent intent where the debtor concealed a beneficial interest in real property held in the parents' names. (*In re Keeney* 227 F.3d 679, 685-686 (6th Cir. 2000)).

The omission of numerous major assets itself can establish fraudulent intent. (*In re Kindorf* 105 B.R. 685, 689 (Bkrtcy.M.D.Fla.,1989)). In this case, the cumulative effect of all of the falsehoods and omissions together evidence a pattern of reckless and cavalier disregard for truth serious enough to supply the requisite fraudulent intent necessary to justify the denial of the discharge pursuant to Section 727.

This is particularly so in view of Defendant's course of dealing before filing bankruptcy. As Plaintiff sets forth in his declaration, Defendant continuously deceived him in their business dealings. He told Plaintiff that they would co-own the Shell station but he kept the business for himself. He then told Plaintiff that he would re-pay the loan, and even executed a promissory note to that effect. But, he never paid. And, less than two weeks after Plaintiff obtained a judgment against Defendant, Defendant filed this bankruptcy.

Along the way, Defendant used Plaintiff's identity when it suited his purpose, even submitting a tax form to the IRS under Plaintiff's name. Defendant has shown, both pre and post filing, that he is not an honest debtor deserving of a second chance.

In addition, some of Defendant's false statements and omissions are so basic that they could not be the result of an honest mistake. These include misstating his name and marital status and failing to mention two vehicles he owns, including a $22,000 Mercedes. It defies belief that one would simply forget that he has a wife and a Mercedes.

Trial Brief of Plaintiff. Mahmood K. Rafsanjani    11

### C. Defendant's False Statements were Material

A statement is material if it bears on the debtor's business transactions, the debtor's estate, the discovery of assets, or the existence and disposition of the debtor's property. (*In re Chalik* 748 F.2d 616, 618 (11th Cir. 1984); *In re Wills* 243 B.R. 58, 62 (9th Cir. BAP 1999)).

Courts have denied the discharge where the debtor significantly undervalued his residence (*In re Seruntine* 46 B.R. 286, 287-288 (Bkrtcy.Cal.,1984), and where the debtor's schedules gave the impression that he was a shareholder in a worthless corporation, which was actually a profitable business. (*In re Sherman* 39 B.R. 208, 209-211 (Bkrtcy.Cal.,1984)). In this case, Defendant significantly undervalued his business because, in his Amended Petition, he stated that the value was only $5,000. However, the financial statements and bank statements show that Defendant has been underreporting the amount of revenue that flows into the business by somewhere in the neighborhood of $79,000. Accordingly, the business appears to be worth substantially more than $5,000.

In addition, Defendant appears to own real property that he failed to disclose, which has substantial value. Moreover, courts have found that providing a false Social Security number, fabricating prior addresses, and failing to disclose other names used are material statements because they mislead creditors as to the debtor's identity. (*United States v. Phillips* 606 F.2d 884, 887 (9th Cir. 1979)). As set forth above and in Plaintiff's declaration, Defendant failed to disclose at least four names that he has used.

### VI. The Court should deny Defendant's Discharge for Failing to Keep Accurate Records

The court may deny Defendant the discharge if he has concealed, destroyed, falsified, or failed to keep or preserve any records from which Plaintiff and the court could ascertain Defendant's financial condition or business transactions. (11 U.S.C. § 727(a)(3)). The purpose of Section 727(a)(3) is to ensure that the trustee and creditors are provided with sufficient information to trace the debtor's financial history from a reasonable period in the past to the present. (*In re Cox* 904 F.2d 1399, 1401-1402 (9th Cir. 1990)).

A Section 727(a)(3) denial of discharge does not require proof of fraudulent intent. (*In re Scott* 172 F.3d 959, 969 (7th Cir. 1999)). A court will deny the discharge when the concealment, destruction, or failure to maintain records has made it impossible to ascertain the debtor's financial condition or material business transactions. (*In re Cox* 41 F.3d 1294, 1296 (9th Cir. 1994)).

The test is whether there is "available written evidence made and preserved from which the present financial condition of the bankrupt, and his business transactions for a reasonable period in the past may be ascertained." (*Meridian Bank v. Alten* 958 F.2d 1226, 1230 (3rd Cir. 1992)).

A debtor's records were inadequate where they failed to establish the source of deposits made to the debtor's checking account, rendering it impossible to trace goods sold to the debtor or to substantiate the debtor's expenses. (*Matter of Juzwiak* 89 F.3d 424, 428 (7th Cir. 1996)).

As set forth above, and in Plaintiff's declaration, the financial records that Defendant has produced are not sufficient to ascertain his true financial condition because, although the partial bank statements show that the tax return and income statement underreport the amount of revenue flowing into the business, it is impossible to determine by how much because there are only eight months of bank statements. In addition, Defendant's financial records are also contradictory with respect to what business personal property he owns. As a result, it is impossible to ascertain the true value of Defendant's business.

### VII. The Court should deny Defendant's Discharge for Failing to Explain Loss of Assets

The court may deny Defendant the discharge if Defendant fails to explain satisfactorily any loss of assets or deficiency of assets to meet Defendant's liabilities. (11 U.S.C. § 727(a)(5)). A Section 727(a)(5) denial of discharge does not require any showing of fraudulent intent. (*In re Gannon* 173 B.R. 313, 317 (Bkrtcy.S.D.N.Y.,1994)).

If a creditor shows that the debtor had a "cognizable ownership interest in a specific identifiable property at a time not too far removed from the date of filing his petition, the burden is on the debtor to satisfactorily explain the loss of that particular asset if, at the time of filing the petition, the debtor claims he no longer has the particular property." (*In re Beausoleil* 142 B.R 31, 37 (Bkrtcy.D.R.I., 1992)). Once the objecting party has made the required showing, the debtor must provide a satisfactory explanation for the loss of the assets. (11 USC § 727(a)(5)).

In this case, Plaintiff's investigator's report shows three parcel's of real property that Defendant apparently owns but failed to disclose. Defendant has failed to explain the loss of those assets. In addition, the bank statements show that more money, in the neighborhood of $79,000, flowed into Defendant's account than his income statement and tax return reflect. Defendant has also failed to explain where that money went.

//

## VIII. Conclusion

For all of the foregoing reasons, Plaintiff respectfully requests this court to deny Defendant the discharge under Section 727. The false statements that Defendant made in his petitions and supporting documents prevented Plaintiff and other parties in interest from obtaining an accurate picture of Defendant's financial affairs and business dealings. And, because of the nature of the false statements and omissions, and the number of them, it is likely that Defendant made the false statements and omissions knowingly and with fraudulent intent to conceal his true financial condition.

Defendant also failed to provide accurate business records, including detailed income and expense sheets required by Schedules I and J, respectively, and failed to identify any bookkeepers, accountants, or holders of financial records in his Statement of Financial Affairs, despite the fact that he brought his alleged accountant to the 341a hearing and blames the accountant for the false statements and omissions in the initial petition.

As a result of Defendant's failure to provide any business records, among other things, Plaintiff is unable to confirm the extent of the estate's interest in certain assets, their location, or the value thereof. Defendant has also not provided an explanation for his failure to maintain adequate records.

Dated: April 7, 2010    By: _____
John L. Palmer
Attorney for Plaintiff, Mahmood Rafsanjani

| In re: REZA KUCHECKI | CHAPTER 7 |
|---|---|
| Debtor(s). | CASE NUMBER: 8:08-13809TA |
| | ADV. PROC. : 8:08-01389TA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

5001 Birch Street. Newport Beach, California, 92660

A true and correct copy of the foregoing document described **PLAINTIFF, MAHMOOD K. RAFSANJANI'S TRIAL BRIEF RE: OBJECTION TO DISCHARGE UNDER 11 U.S.C. SECTION 727** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 8, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    Thomas H Casey    msalustro@tomcaseylaw.com, tcasey@ecf.epiqsystems.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**

On __April 8, 2010__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Theodore C. Albert
United States Bankruptcy Court- Central District of California
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 04/08/2010 | Nancy Long | _[signature]_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

| In re: REZA KUCHECKI | CHAPTER 7 |
|---|---|
| Debtor(s). | CASE NUMBER: 8:08-13809TA |
| | ADV. PROC. : 8:08-01389TA |

Thomas J Polis     tom@polis-law.com

Darren G Smith     smithlaw@fea.net

United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                  **F 9013-3.1**